**RENSANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, U.S. Department of Justice, Respondents.**

No. 05–5801–ag.

United States Court of Appeals, Second Circuit.

April 5, 2007.

Khagendra Gharti–Chhetry, Chhetry & Associates, New York, NY, for Petitioner.

Erik C. Peterson, United States Attorney for the Western District of Wisconsin, Richard D. Humphrey, Assistant United States Attorney, Madison, WI, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Rensang, a Tibetan native and citizen of the People's Republic of China, seeks review of a September 29, 2005 order of the BIA affirming the May 24, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rensang,* No. A97 517 981 (B.I.A. Sept. 29, 2005), *aff'g* No. A97 517 981 (Immig. Ct. Jamaica May 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in a brief order, with some supplemental analysis, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

In this case, the IJ reasonably found that Rensang's credibility was called into question by a forensics report indicating that one of the documents she submitted to establish her identity—a marriage certificate—was counterfeit. While her exact reasons for submitting this document are not clear from the record, the IJ properly found that the submission of a false document to the court in order to help meet her burden of proof was a serious adverse factor. *See Rui Ying Lin v. Gonzales,* 445 F.3d 127, 133 (2d Cir.2006) (citing *Matter of O–D–,* 21 I. & N. Dec. 1079, 1081 (BIA 1998)) (distinguishing between the use of a false document to escape persecution, which is not a serious adverse factor, and the submission of a false document to establish an element of an asylum claim, which is).

Moreover, the IJ did not consider this document in isolation, but weighed it together with other concerns about Rensang's credibility. As the IJ noted, when Rensang first arrived in the United States, she did not immediately request asylum, and during her airport interview, the only

reason she claimed to fear returning to Nepal or Tibet related to her manner of departure from Nepal. We do not find that the record of that interview was unreliable, or that the IJ erred in relying on it. *Cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir.2004) (listing the factors to consider in evaluating the reliability of an airport interview transcript). The IJ's emphasis on Rensang's failure to submit any corroboration of her experiences in Tibet or Nepal from her "husband" was also reasonable, in light of his existing concerns about her credibility. *See Zhou Yun Zhang*, 386 F.3d at 77. For these reasons, and because of the IJ's concerns about Rensang's demeanor while testifying, we concur with the BIA that the adverse credibility finding was "not clearly erroneous."

█ Particularly in light of these credibility concerns, we also concur with the BIA's ultimate conclusion that Rensang failed to meet her burden of proof. Rensang admitted that she was never arrested, detained, or physically harmed when she lived in Tibet, and that on the two occasions when she was threatened with assault, she was able to escape unharmed. Accordingly, the IJ reasonably determined that she failed to demonstrate past persecution in Tibet, and she was not entitled to the presumption of a well-founded fear. *Cf.* 8 C.F.R. § 1208.13(b)(1).

Moreover, the IJ reasonably questioned Rensang's motivation in leaving Nepal and coming to the United States. Although she claimed to fear punishment for participating in demonstrations in support of the Tibetan independence movement, she did not claim she was ever harmed or threatened for that reason. She admitted that her only direct encounter with the Nepalese authorities concerned her lack of authorization to live in Nepal, not her religion or political opinion, and did not sug-

gest that she left Tibet or Nepal because of any immediate threat. Finally, contrary to Rensang's claim in her brief, the IJ did consider the background evidence, and reasonably found that it was insufficient on its own to sustain her burden for asylum or withholding, absent any specific, credible evidence of a present threat to her in Tibet.

█ We also find no merit to Rensang's contention that the IJ failed to consider her CAT claim independently. *Cf. Ramsameachire*, 357 F.3d at 184. The IJ cited the separate standard for a CAT claim, and noted that Rensang had "not shown or even alleged" that she faced harm amounting to torture in Tibet. As he noted, the most specific harm she claimed to fear related to her use of fraudulent documents to depart from Nepal; she did not allege any particular circumstances that would render her more likely than not to be tortured in China, the country of removal. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir.2003). For this reason, the IJ reasonably determined that the background evidence, on its own, was insufficient to sustain her heavy burden of establishing CAT eligibility. *See id.*

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).